CASE NO. 15-4067
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

JEFFREY SMITH

     Plaintiffs-Appellant

JEFFREY SMITH, on behalf of J.M.S.

     Plaintiff

vs

INDIAN HILL EXEMPTED VILLAGE SCHOOL DISTRICT; OHIO
DEPARTMENT OF EDUCATION; JANE KNUDSON; DEBORAH DELISLE;
LINDA WARNER; LINDA F. MOSBACHER; MONICAL BOHLEN; MOLLY
BARBER; LEE GEIGER; LYNDSEY CATER; SHARON JENNINGS

     Defendants-Appellees

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION
CASE NO. 1:10-CV-00718

**CORRECTED BRIEF OF APPELLEES INDIAN HILL EXEMPTED
VILLAGE SCHOOL DISTRICT BOARD OF EDUCATION,
JANE KNUDSON AND MOLLY BARBER**

/s/ Ian R. Smith
Ian R. Smith   0068195
R. Gary Winters 0018680
McCASLIN, IMBUS & McCASLIN
632 Vine Street, Suite 900
Cincinnati, OH 45202
(513) 421-4646 phone
(513) 421-7929 fax
irsmith@mimlaw.com
rgwinters@mimlaw.com
*Attorneys for Appellees Indian Hill
Exempted Village School District Board of
Education, Jane Knudson and Molly
Barber*

## <u>DISCLOSURE OF CORPORATE AFFILIATIONS</u>
## <u>AND FINANCIAL INTEREST</u>

Pursuant to Sixth Circuit Rule 26.1, Appellees make the following disclosures:

1.　　Is said party a subsidiary of affiliate of a publicly owned corporation?

　　　No.

2.　　Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome?

　　　No.

/s/ Ian R.  Smith                           Date: January 4, 2016
Attorney for Appellees

i

# TABLE OF CONTENTS

                                                                Page

DISCLOSURE OF CORPORATION AFFILIATIONS
AND FINANCIAL INTERESTS                                           i

TABLE OF CONTENTS                                                ii

TABLE OF AUTHORITIES                                            iii

STATEMENT OF ISSUE PRESENTED FOR REVIEW                          1

     Whether the District Court abused its discretion
     by striking from the record Smith's motion to return
     mandate.

I.    STATEMENT OF FACTS                        1

II.   SUMMARY OF ARGUMENT                           6

III.  ARGUMENT                                          7

IV.  CONCLUSION                                        10

     CERTIFICATE OF COMPLIANCE                 11

     CERTIFICATE OF SERVICE                    12

     ADDENDUM                                 13

## TABLE OF AUTHORITIES

Page

*Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971)          8

*Entm't Prods., Inc. v. Shelby Cnty., Tenn.,* 721 F.3d 729

  (6th Cir. 2013)                                                9

*Guy v. Lexington-Fayette Urban Cnty Govt.*, 57 Fed. Appx. 217

  (6th Cir. 2003)                                                7

*Jabari v. Fannie Mae*, 555 F. App'x 547 (6th Cir. 2014)         7

*Jones v. Ill. Cent. R.R. Co.*, 617 F.3d 843 (6th Cir 2010)      7

*Yeschick v. Mineta,* 675 f.3D 622 (6th Cir. 2012)               9

iii

## STATEMENT OF ISSUE PRESENTED FOR REVIEW

1.      Whether the District Court abused its discretion by striking from the record Smith's motion to return mandate.

## I.    STATEMENT OF THE FACTS

When it is necessary to refer to Plaintiffs-Appellants they shall be identified as "Appellants" or "Smith".  When it is necessary to refer to Defendants-Appellees in the collective, they shall be identified as "Indian Hill" or "IHSD".  Defendant-Appellee Indian Hill Exempted Village School District Board of Education shall be identified as "Board".

This is the fourth appeal taken by Smith in case no. 1:10-cv-00718.  This litigation arises from a long-standing controversy between Indian Hill and Smith, in which Smith brought numerous claims under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1400 *et seq*., regarding his daughter's educational program at Indian Hill.  The parties had signed a settlement agreement on May 4, 2010, but Smith still persisted in filing a state court action seeking judicial review of the dismissal of his IDEA cases.

On December 17, 2010, Indian Hill filed a motion to dismiss all Smith's claims in federal court.  (RE 21, Motion to Dismiss, PAGE ID # 1).  Indian Hill claimed in part that the dismissal by the state court and the parties' settlement

agreement foreclosed the claims which Smith had filed in federal court. Indian Hill also moved for sanctions. (*Id*. at PAGE ID # 15).

On May 5, 2011, the magistrate judge issued her Report and Recommendations, denying Smith's motions and granting Indian Hill's Motion to Dismiss. (RE 31, Report and Recommendation, PAGE ID # 2). On September 16, 2011, the district court issued its order granting Indian Hill's motion to dismiss. (RE 50, Order, PAGE ID # 1966). The district court also granted Indian Hill's fee petition, finding:

> The defendants have reasserted their request for attorney fees as set forth on page 15 of their Motion to Dismiss (Doc. 42). The motions of the Plaintiffs demonstrate their continued harassment of the defendants. Plaintiffs were warned on pages 17-18 of the Report and Recommendation that "Defendants' Request for Sanctions presents a close issue in this case. Should Plaintiffs continue to engage in a pattern of conduct that suggests abuse of the litigation process, sanctions may well be warranted. Apparently that warning was of no consequence to the plaintiffs. The Court finds that only an award of sanctions will deter these harassing, frivolous motions.

(*Id*. at PAGE ID # 1965).

On August 10, 2012, this court issued its order in Case 11-4317, affirming the district court's judgment. (RE 67 Order, Case No. 11-4317, PAGE ID # 3). This court determined that Smith could not pursue simultaneous IDEA claims in state and federal court and that the district court correctly dismissed Smith's non-IDEA claims on *res judicata* grounds. (*Id*. at PAGE ID # 2). On November 1,

2

2012, this court denied Smith's petition for rehearing. (RE 87 Order, Case No.11-4317, PAGE ID # 2).

Indian Hill renewed its fee motion and the district court granted Indian Hill's motion. Smith appealed. On October 2, 2013, this court affirmed the district court's award of fees and costs to Indian Hill. (RE 43, Order, Case No.13-3107, PAGE ID # 2). This court found that Smith's action was frivolous and filed for an improper purpose and that Smith had continued to file frivolous motions despite being warned by the magistrate judge. (*Id*). This court cautioned Smith "that further litigation of the underlying issue may result in sanctions." (*Id*. at PAGE ID #3).

This court's warning has not deterred Smith. He has continued to file motions and two appeals, seeking further litigation of the underlying issue. (See RE 101, 102, 103, 104, 105, Case No. 1:10-cv-718). On February 13, 2014, the district court issued an order denying five motions filed by Smith, which sought further litigation of issues already decided by the court and affirmed on appeal. (RE 106, Order, PAGE ID # 2978-79). The district court ruled that Smith's motions are "either frivolous or seek further litigation of the underlying issues in this case." (*Id*. at PAGE ID # 2979). The district court also ruled:

> "In light of Plaintiff Smith's persistence in filing frivolous post-judgment
> motions, the Court finds that additional sanctions are warranted in this
> matter. Plaintiff is therefore prohibited from filing any further motions or
> papers in this case, unless such motions or papers are certified as non-

3

frivolous by an attorney. The Clerk of Court is DIRECTED not to accept any further motions or papers presented by Plaintiff in this action unless they are so certified."

(*Id.* at PAGE ID # 2980). On March 13, 2014, Smith filed his notice of appeal of the district court's February 13th order. (RE 107, Plaintiffs' Notice of Appeal, PAGE ID # 2982-2984).

On May, 4, 2015, this court affirmed the district court's order. (RE 69-2 Order, Case No. 14-3223, PAGE ID # 5). In pertinent part, this court ruled that Smith's motion for summary judgment was precluded by the law-of-the-case doctrine and that Smith had not demonstrated any exception to this doctrine. (*Id.* at PAGE ID # 4-5). On July 31, 2015, Smith's petition for panel rehearing was denied. (RE 82 Order, Case No. 14-3223, PAGE ID #1). The mandate was issued on August 7, 2015. (RE 83 Mandate, Case No. 14-3223, PAGE ID # 2994).

On August 14, 2015, Smith filed a motion to recall the mandate. (RE 85, Motion to Recall Mandate Case No. 14-3223, PAGE ID # 1). Seven days later, Smith filed another motion to recall the mandate, styled as "Motion to Return Mandate" in district court; the motion was not certified as non-frivolous by an attorney. (RE 110, Motion to Return Mandate, PAGE ID # 1). On August 20, 2015, the district court ordered that Smith's motion be stricken from the record, because it was not certified as non-frivolous by an attorney. (RE 111, Order, PAGE ID # 3138). The district court cited to its February 13, 2014 order, which

4

required such a certification for Smith's filings. (*Id.*).  On September 18, 2015, Smith filed his 40-page notice of appeal. (RE 112, Plaintiffs' Notice of Appeal, PAGE ID # 3139).

On October 9, 2015, this court denied Smith's motion to recall the mandate. (RE 91 Order, Case No. 14-3223, PAGE ID # 4).  This court found that Smith had not demonstrated "exceptional circumstances" which would support a recall. (*Id.* at PAGE ID # 3-4). The court also ruled that "no further documents will be accepted in this case." (*Id.* at PAGE ID # 4).

Smith has filed several documents in Case No. 15-4067, seeking re-litigation of issues or introduction of new issues and claims totally unrelated to the district court's August 20th order and Smith's appeal therefrom.

On October 16, 2015, Smith filed another motion to recall the mandate, despite this court's 7-day old ruling denying such relief.  (RE 5, Motion for Recall of Mandate Cases, PAGE ID # 1).  On the same date, Smith filed a motion for extension of time to file his brief.  (RE 4, Motion to Extend Time, PAGE ID # 1).

On October 30, 2015, Smith filed another motion for summary judgment and a separate memorandum in support.  (RE 12, Appellant Motion for Summary Judgment, PAGE ID # 1; RE 14, Memorandum in Support, PAGE ID # 1).  On November 24, 2015, Smith filed a motion to add the USA as a party.  (RE 16,

Motion to Add United States of America as Party, Case No. 15-4067, PAGE ID # 1).

On November 30, 2015, Smith filed his Appellants' Brief. (RE 19, Appellants' Brief, PAGE ID # 1-19). Smith's appeal and filings in this case are frivolous. His Brief offers no legitimate grounds for the reversal of the district court's order, or the relief sought in his motions.

## II.    SUMMARY OF ARGUMENT

Smith continues to attempt to re-litigate issues in a civil action which was dismissed over four years ago.  This court affirmed the dismissal on August 10, 2012.  Smith has been sanctioned for the filing of frivolous actions and cautioned not to file further litigation of the underlying issue.  Smith has ignored the dictates of the courts.

In this appeal, Smith attempts, without any legal justification, revive his long-expired IDEA claims, in the guise of appealing the district court's order of August 20, 2015, which struck his motion to return mandate because it was not certified as non-frivolous by an attorney.  To avoid this court's instruction not to file any further documents in Case No. 14-3223, Smith has employed this appeal (his fourth) to re-litigate issues decided at an earlier stage of the case, and raise issues which are not the subject of this appeal.  His appeal lacks merit.  His filings should be dismissed.

## III.    **ARGUMENT**

Smith's appeal is limited to the issues raised by his notice of appeal. *Guy v. Lexington-Fayette Urban County Govt.*, 57 Fed. Appx. 217, **15-16 (6th Cir. Jan. 15, 2003). The only order from which Smith's appeal was taken was the district court's order striking from the record his motion to return the mandate. Smith seeks to re-litigate final rulings and orders which are not the subject of his notice of appeal and are therefore beyond the jurisdiction of this court. (*Id*). He also seeks to use this appeal to add new parties (the USA) and claims which are not before this court, and have no bearing upon the district court's order of August 20, 2015.

The district court's denial of Smith's post-judgment motion to return the mandate is reviewed under an abuse-of-discretion standard. *Jabari v. Fannie Mae*, 555 F. App'x 547, 549 (6th Cir. 2014). To abuse its discretion, a court must "commit a clear error in judgment, such as applying the incorrect legal standard, or relying upon clearly erroneous findings of fact." *Jones v. Ill. Cent. R.R. Co.*, 617 F.3d 843, 850 (6th Cir 2010). The district court did not abuse its discretion.

Smith uses his appeal to re-argue for summary judgment in his favor, a trial on the merits, reversal of prior orders, the addition of new claims and parties, and the award of damages to him, regardless of this court's determination in the second appeal that he should be sanctioned for his frivolous conduct.

In his Brief, Smith seeks an order granting him summary judgment. (RE 19, Appellants' Brief, PAGE ID # 14). Smith argues that he was "ALWAYS THE PARTY VICTORIOUS ON APPEAL." (*Id.* at PAGE ID # 11). Smith argues that there is a lack of a final appealable order, while at the same time claiming that the "federal courts have not preserved the right of Certiorari for Smith." (*Id.* at PAGE ID # 3). Smith does not allege that he petitioned for a writ of certiorari, presumably in his third appeal. He also does not explain how this "right" is still viable with the order denying the petition for rehearing having been filed over 120 days ago.

Totally unrelated to the underlying action and his appeal of the district court's August 20th order, Smith claims that he possesses a *Bivens* claim for Fourth Amendment violations. (RE 19, Appellant's Brief, PAGE ID # 6). Apparently, Smith seeks to file a new action for damages against federal officers for violation of his constitutional rights. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). No federal officers are parties to this appeal, the prior appeals, or the underlying litigation.

Smith is seeking summary judgment and fees for issues which were decided against him over three years ago. He is also seeking to recall the mandate, despite the prior ruling by this court. Smith's appeal and filings in this case are barred by the law-of-the-case doctrine. This doctrine "precludes reconsideration of issues

8

decided at an earlier stage of the case." See RE 69-2 Order, Case No. 14-3223,

PAGE ID # 4; *Yeschick v. Mineta*, 675 F.3d 622, 633 (6th Cir. 2012). A court can

only revisit a prior ruling when "there is (1) an intervening change in controlling

law; (2) new evidence available; or (3) a need to correct a clear error or prevent

manifest injustice." See RE 69-2, Order, Case No. 14-3223, PAGE ID # 4; *Entm'l*

*Prods., Inc. v. Shelby Cnty., Tenn.*, 721 F.3d 729, 742 (6th Cir. 2013). Smith has not

demonstrated any of these circumstances. According, the law-of-the-case disposes

of any argument for reversal of prior rulings, especially those pertaining to

summary judgment and the recall of the mandate.

     This court has previously ruled that Smith cannot revisit the dismissal of his

action and the issues previously decided by it. (RE 69-2 Order, Case No. 14-3223,

PAGE ID # 4-5). Moreover, this court cautioned Smith over two years ago "that

further litigation of the underlying issue may result in sanctions." (RE 43 Order,

Case No. 13-3107, PAGE ID # 3).

     On May 4, 2015, court determined that none law-of-the-case exceptions

applied to Smith's third appeal. (RE 69-2 Order, Case No. 14-3223, PAGE ID #

5). The only thing which has changed since that order is the number of frivolous

motions to re-litigate. The true manifest injustice is Smith's abuse of the legal

system by unnecessary prolonging a long-expired underlying action, despite the

cautions issued by the district court and this court and the sanctions levied against

him. Smith's appeal and the motions which he filed in this case are totally lacking in merit. Indian Hill submits that all must be denied.

## IV.    **CONCLUSION**

Based on the foregoing, Appellees respectfully request that the court affirm the district court's order of August 20, 2015, and deny all of Smith's motions in this case.

Respectfully submitted,

/s/ Ian R. Smith
Ian R. Smith    0068195
R. Gary Winters 0018680
McCASLIN, IMBUS & McCASLIN
632 Vine Street, Suite 900
Cincinnati, OH 45202
(513) 421-4646 phone
(513) 421-7929 fax
irsmith@mimlaw.com
rgwinters@mimlaw.com
***Attorneys for Appellees Indian Hill
Exempted Village School District
Board of Education, Jane Knudson
and Molly Barber***

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(B), I certify that this brief complies with the type-volume limitation of Fed. R. App. 32(a)(7)(B) because this brief contains 2604 words, excluding the part of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii). This brief complies with the typeface requirements of Fed. R. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32 (a)(6) because this brief has been prepared in a proportionally spaced typeface using Word in 14 point Times New Roman font.

/s/ Ian R. Smith
Ian R. Smith    0068195
R. Gary Winters 0018680
McCASLIN, IMBUS & McCASLIN
632 Vine Street, Suite 900
Cincinnati, OH 45202
(513) 421-4646 phone
(513) 421-7929 fax
irsmith@mimlaw.com
rgwinters@mimlaw.com

*Attorneys for Appellees Indian Hill Exempted Village School District Board of Education, Jane Knudson and Molly Barber*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 14 day of January, 2016, a copy of the foregoing document was filed electronically.  Notice of this filing well be sent to all parties by the operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

A copy of this brief was also mailed *via* certified mail to Mr.  Jeffrey Smith, 6066 Bayberry Drive, Cincinnati, Ohio 45242.

/s/ Ian R.  Smith
Ian R.  Smith    0068195
R.  Gary Winters 0018680
McCASLIN, IMBUS & McCASLIN
632 Vine Street, Suite 900
Cincinnati, OH 45202
(513) 421-4646 phone
(513) 421-7929 fax
irsmith@mimlaw.com
rgwinters@mimlaw.com

***Attorneys for Appellees***

## DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

| Record Entry No. | Description of Document | Date Filed in District Court | Page ID # |
|---|---|---|---|
| 106 | Order | 2/13/14 | 2978-79 |
| 107 | Plaintiff's Notice of Appeal | 3/13/14 | 2982-84 |
| 111 | Order | 8/20/15 | 3138 |
| 112 | Plaintiff's Notice of Appeal | 9/18/15 | 3139-66 |